IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO.  13-203 Erie |
| v. | ) ) | C O M P L A I N T |
| RICARDO'S RESTAURANT, INC., | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to Charging Party Dorothy Hannah and other aggrieved female employees who were adversely affected by such practices. As alleged with greater particularity in paragraphs 7(a) through (g) below, the Commission alleges that Defendant subjected Hannah and other female employees to a sexually hostile work environment perpetuated by Defendant's owner and president, Peter West. Defendant constructively discharged Hannah as a result of the intolerable working conditions and Defendant's failure to take prompt and effective action to alleviate it.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

PARTIES

3.      Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times Defendant Ricardo's Restaurant, Inc. ("Defendant"), a Pennsylvania corporation, has continuously been doing business in the State of Pennsylvania and the City of Erie, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Charging Party Hannah filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least November 2011, Defendant has engaged in unlawful employment practices at its Erie, Pennsylvania restaurant, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). These unlawful practices include, but are not limited to, the following:

(a)      Defendant has engaged in sex discrimination against Hannah and other female employees at its Erie, Pennsylvania restaurant facility by subjecting them to a continuing course of unwelcome and offensive harassment because of their sex

2

(female).  Such harassment was of sufficient severity and/or pervasiveness  to create a hostile work environment because of their sex (female);

(b)     At all relevant times, Peter West has been one of two co-owners of Defendant and has been its President.  West is an alter ego/proxy of Defendant for purposes of Defendant's Title VII liability.

(c)     Since at least November 2011, Peter West has routinely made sexual comments to Hannah and other female employees, including but not limited to statements such as "lick my ball sack," "suck me off," "jack me off," "did you get fucked today," "do you like getting fucked in the hay," and "you've never had a good pecker until you've had mine."

(d)     Since at least November 2011, Peter West has routinely made comments about the bodies of female employees, including but not limited to commenting that a female employee had "a nice ass" or "nice tits."

(e)     Since at least November 2011, Peter West has routinely made comments belittling Hannah and other female employees, including but not limited to statements such as calling them "stupid," "fat" or "ugly," and referring to at least one female employee as a "fucking cunt."

(f)     Since at least November 2011, Peter West has touched female employees in a sexual manner, such as stroking their ears.

(g)     On or about May 7, 2012, Defendant constructively discharged Hannah because of her sex (female).  Hannah repeatedly opposed West's actions, including asking him repeatedly to stop using sexually explicit language, but he ignored her requests.  Hannah resigned in response to Defendant's creation of, and refusal to

3

discontinue, a sexually hostile work environment.  Defendant knowingly created and permitted working conditions that Hannah reasonably viewed as intolerable and that caused her to resign.

8.      The effect of the practice(s) complained of in paragraph(s) 7(a) through (g) above has been to deprive Hannah and other female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex (female).

9.      The unlawful employment practices complained of in paragraphs 7(a) through (g) above were intentional.

10.     The unlawful employment practices complained of in paragraphs 7(a) through (g) above were done with malice or with reckless indifference to the federally protected rights of Hannah and other female employees.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in sexually harassing conduct and other employment practices which discriminate on the basis of sex.

B.      Order Defendant to institute and carry out training, policies, practices, and programs which provide equal employment opportunities for women, and which ensure that its operations are free from the existence of a sexually hostile work environment.

C.      Order Defendant to make whole Hannah and other female employees, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial,

4

and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay.

D.      Order Defendant to make whole Hannah and other affected female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7(a) through (g) above, such as debt-related expenses, job search expenses, medical expenses and other expenses incurred by Hannah and other affected female employees, which were reasonably incurred as a result of Defendant's conduct, in amounts to be determined at trial.

E.      Order Defendant to make whole Hannah and other affected female employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7(a) through (g) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.      Order Defendant to pay Hannah and other affected female employees punitive damages for its malicious and reckless conduct described in paragraphs 7(a) through (g) above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

P. DAVID LOPEZ
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL
WASHINGTON, D.C.

for DEBRA M. LAWRENCE
REGIONAL ATTORNEY
EEOC – Philadelphia District Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, MD 21201
(410) 209-2734
(410) 962-4270 (facsimile)

for RONALD L. PHILLIPS
SUPERVISORY TRIAL ATTORNEY
EEOC – Baltimore Field Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, MD 21201
(410) 209-2737
(410) 962-4270 (facsimile)
ronald.phillips@eeoc.gov

DEBORAH A. KANE
SENIOR TRIAL ATTORNEY
Pa. I.D. No. 92531
EEOC – Pittsburgh Area Office
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
(412) 395-5866
(412) 395-5749 (facsimile)
deborah.kane@eeoc.gov

6